UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 99-172

WALTER A. MURRAY, JR.,                                          APPELLANT,

    V.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS,                          APPELLEE.


Before FARLEY, HOLDAWAY, and STEINBERG, *Judges.*

# O R D E R

In a single-judge order dated March 14, 2001, the Court, noting the enactment of the Veterans Claims Assistance Act of 2000, Pub. L. No. 106-475, 114 Stat. 2096 (Nov. 9, 2000), vacated the September 30, 1998, decision of the Board of Veterans' Appeals that denied the veteran's claim to establish service connection for post-traumatic stress disorder and remanded the matter for readjudication. On April 3, 2001, the appellant, pursuant to Rule 35 of the Court's Rules of Practice and Procedure, filed a motion for reconsideration and an alternative motion for a panel decision.

Upon consideration of the foregoing and the record on appeal, it is

ORDERED by the single judge that the appellant's motion for reconsideration is denied. It is further

ORDERED by the panel that the appellant's motion for a panel decision is denied.

DATED:     June 5, 2001                                 PER CURIAM.

STEINBERG, *Judge*, dissenting: I voted to grant the motion for a panel decision because I believe that the September 30, 1998, Board of Veterans' Appeals (Board or BVA) decision must be vacated because of a change in the applicable regulation governing the award of Department of Veterans Affairs (VA) service connection for post-traumatic stress disorder (PTSD).

The Board denied service connection for PTSD in this case, despite the existence of at least seven records showing diagnoses, treatment, or both, of PTSD by VA physicians. *See* Record (R.) at 96 (November 1991 VA hospital discharge report, following hospitalization period of one month, including diagnosis of "Vietnam [PTSD]"); R. at 191 (June 1993 VA outpatient record of treatment for PTSD); R. at 212, 216 (February and April 1992 assessments of veteran as having PTSD); R. at 294 (December 1994 VA diagnosis of PTSD); R. at 300 (April 1995 VA notation that veteran "continues to have problems with PTSD"); R. at 320 (March 1996 VA diagnosis of PTSD); *see also*

R. at 138 (December 1991 VA compensation and pension examination report noting that veteran had "some symptoms suggestive of PTSD); R. at 183 (VA medical certificate noting history of PTSD).

At the time of the Board decision, 38 C.F.R. § 3.304(f) (1997) required that an award of "[s]ervice connection for [PTSD] . . . requires medical evidence establishing a clear diagnosis of the condition". *See Harth v. West*, 14 Vet.App. 1, 5 (2000). The Board expressly articulated that "clear diagnosis" criterion and then found "no clear diagnosis of PTSD which has been linked to the veteran's period of service" (R. at 11) and that "a clear diagnosis of PTSD has not been established" (R. at 13). In this regard, it is notable that the Board conceded that the Environmental Support Group (ESG) had confirmed "one of the veteran's claimed in-service stressors" (R. at 12, 274) -- which the veteran had testified under oath in October 1997 before the Board was the "dominant stressor" that he could remember from his service in Vietnam, namely, when he "saw parts of" the dead body of Dennis Tripp, who had been a personal friend of the veteran, after Mr. Tripp stepped on a land mine (R. at 504-06).

The regulation, § 3.304(f), relied upon by the Board "has since been amended, *see* 64 Fed. Reg. 32,807 (1999), and the amended version, which VA made retroactively effective to March 7, 1997, a date before the June 1998 BVA decision here on appeal, no longer requires evidence of a '***clear*** diagnosis' of PTSD, *see* 38 C.F.R. § 3.304(f) (1999)." *Harth*, 14 Vet.App. at 5. Hence, the veteran is entitled to a readjudication of his claim under the revised regulation.[1] *See Karnas v. Derwinski*, 1 Vet.App. 308, 313 (1991) ("where the law or regulation changes after a claim has been filed or reopened but before the administrative or judicial appeal process has been concluded, the version mo[re] favorable to the appellant should apply unless Congress provided otherwise or permitted the [Secretary] to do otherwise and the Secretary did so").

Although the appellant did not raise to this Court, either in his principal brief or in his alternative motion for reconsideration or for a panel decision, the argument that the regulation relied upon by the Board has since been revised, the *Karnas* rule is a fundamental part of our caselaw. I feel compelled to dissent, because, given the strong evidence that the veteran has PTSD and the ESG's confirmation of the claimed in-service combat stressor, the regulatory change could well alter the outcome on remand in the readjudication that would occur in the remand that I favor here.

---

[1] Under the current regulation, "[s]ervice connection for [PTSD] requires medical evidence diagnosing the condition in accordance with [38 C.F.R.] § 4.125(a)". 38 C.F.R. § 3.304(f) (2000).